United States Court of Appeals
Fifth Circuit

**F I L E D**

September 7, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41281
Summary Calendar

ADAM DAVID HYATT

Plaintiff - Appellant

v.

CLUSTER DENTAL DIRECTOR EDWIN SEWELL

Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Eastern District of Texs
USDC No. 5:04-CV-106
--------------------

Before KING, HIGGINBOTHAM and GARZA, Circuit Judges.[*]

PER CURIAM:

Adam David Hyatt, Texas prisoner # 776998, appeals the
district court's grant of summary judgment in favor of Drs. Edwin
Sewell and Sammy Wood and the University of Texas Medical Branch
(UTMB). We affirm the judgment of the district court.

We review de novo the district court's grant of summary
judgment de novo. Cousin v. Small, 325 F.3d 627, 637 (5th Cir.
2003). Summary judgment is proper "if the pleadings,
depositions, answers to interrogatories, and admissions on file,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain.  Wilson v. Seiter, 501 U.S. 294, 297 (1991).

Hyatt began a treatment plan in December 2002, which included a recommendation for a lower partial denture.  Over the course of the next three years, Hyatt received a number of fillings as well as other treatment.  Although there were some delays in his treatment regarding his dentures, the summary judgment evidence shows that Hyatt was seen regularly, that treatment was provided, and that any delays were the result of at most negligence rather than any deliberate indifference to Hyatt's serious medical needs.

We further affirm the summary judgment in favor of UTMB; as a state agency, UTMB is not a person for purposes of § 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  In addition, absent any Eighth Amendment violation by any UTMB personnel, there can be no liability on the part of UTMB.

AFFIRMED.